146 So.2d 623 (1962)
Virginia D. PATTERSON, Appellant,
v.
The TRIBUNE COMPANY, a Corporation, Appellee.
No. 3042.
District Court of Appeal of Florida. Second District.
October 24, 1962.
Rehearing Denied November 19, 1962.
John R. Parkhill and Ralph Steinberg, Tampa, for appellant.
*624 T. Paine Kelly, Jr. and Brooks P. Hoyt of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
WHITE, Judge.
Virginia D. Patterson, plaintiff in the trial court, appeals a summary final judgment rendered for the defendant-appellee, a corporate publishing establishment of Tampa, Florida. The plaintiff sued to recover damages for alleged invasion of her right of privacy through publication of progress docket entries reflecting judicial commitment of the plaintiff as a narcotic. The docket entries published by the defendant in the Tampa Tribune of June 14, 1958 under the heading "News of Record" are as follows:
"Suits Filed"
* * * * * *
"State of Florida vs. Virginia Patterson Commitment of narcotic; James M. McEwen, Attorney."
* * * * * *
"Orders and Decrees"
* * * * * *
"The State of Florida v. Virginia Patterson Order of Commitment."
The plaintiff alleged that the foregoing publication constituted an unlawful and damaging invasion of her right of privacy under Fla. Stat. § 398.18(1) F.S.A. which provides inter alia for voluntary commitment for treatment of narcotic addicts, and provides further:
"* * * The affidavit, and original notice shall be filed with the clerk of the circuit court at or before the time specified for such appearance, but the same and all other records shall be open for inspection only to the person named or described therein or his counsel or by narcotic officers * * *." (emphasis added)
Prior to June 12, 1958, according to the complaint, the plaintiff became addicted to the use of demerol, a narcotic drug, as a result of a physical illness. On June 12, 1958 she voluntarily sought commitment for treatment by filing an affidavit in the Circuit Court for Hillsborough County. The court entered an order of commitment on the same date. The defendant then published the docket entries above set forth.
The plaintiff sued in two counts (1) for invasion of privacy and (2) negligent invasion of privacy. On defendant's motions directed to the complaint the trial court dismissed count (2) but denied the motion to dismiss count (1), thus holding as a matter of pleading that § 398.18(1), supra, created a special right of privacy in the class of persons to which the plaintiff allegedly belonged. After the defendant filed its answer to count (1) both the plaintiff and the defendant filed motions for summary judgment. In granting summary final judgment for the defendant, the court found and concluded as follows:
"2. It affirmatively appears from the publication itself, from the affidavits of the parties, and from the admission of counsel for the plaintiff * * * that all of the facts and matters * * * were actually taken from the progress docket of the proceeding * * * and that the defendant did not have access to or inspect the court file containing the affidavit, original notice, or other instruments or records filed in the cause.
"3. It is agreed by the parties that the progress docket * * * was kept by the Clerk of the Court as a record open to public inspection and that there was no prohibition or limitation imposed by the Clerk upon the inspection * * *.
"Conclusions of Law"
"1. That * * * Section 398.18, Florida Statutes requires only that the affidavit and original notice and other records filed in the proceeding shall not *625 be open for inspection by members of the general public * * *.
"2. Section 28.21, Florida Statutes, expressly requires the Clerk of the Circuit Court to keep a progress docket * * * and in the absence of any prohibition in Chapter 398, the Clerk was required by said section to make the entry in the progress docket of the information published and to permit the same to remain open to inspection by the public."
The trial court then determined and adjudged that the defendant's publication of the information contained in the progress docket did not constitute an unlawful invasion of privacy with respect to the plaintiff's commitment there reflected. This would appear to be, in effect, a determination of damnum absque injuria.
The order under review compares several sections of Florida Statutes with § 398.18(1). The trial court noted that § 794.03, for example, expressly prohibits publication of the name of any female who is raped or assaulted with an intent to commit rape, and that § 72.27 expressly requires the clerk to index adoption proceedings only in the names of the petitioners. Inasmuch as § 398.18(1) here involved does not in terms prohibit publication of the progress docket, the court concluded that publication of the docket entries was permissible.
Thus is presented on appeal the question of whether or not it was error to hold as a matter of law that, notwithstanding the provisions of § 398.18(1), supra, there was no unlawful invasion of privacy in the publication of the docket entries reflecting the plaintiff's commitment as a narcotic. It is urged on appeal that an affirmance of the trial court would permit to be done indirectly that which the statute implicitly forbids to be done directly; that it would defeat the objective of encouraging unwitting victims of narcotics to come forward of their own volition, disclose their addiction and receive curative treatment without being fearful of noxious publicity.
The docket entries unquestionably disclosed the fact of commitment and the identity of the plaintiff as the one who was committed. In this situation we are constrained to the view that the entries became and were, in effect, part of the "records" of the commitment proceedings within the spirit and intendment of the statute, supra. C/f Amos v. Gunn, 1922, 84 Fla. 285, 94 So. 615, 634, containing a definition of a "public record." The defendant urges that since the clerk of the court is required by Fla. Stat. § 28.21[1] to keep a progress docket and since the progress docket is a record open to public inspection under § 28.19[2] and § 119.01,[3] there could be no unlawful invasion of privacy in publishing the entries in question even though they divulged information which the plaintiff protests was not to be publicly divulged. Plaintiff insists, on the other hand, that § 398.18(1) takes all records and information revealing the identity of a committed narcotic out of the public domain and renders publication thereof unlawful.
A claimed right of privacy may be qualified in some circumstances by considerations of public interest. See for example *626 Harms v. Miami Daily News, Inc., Fla.App. 1961, 127 So.2d 715. The statute here, however, is clear in its meaning. No doubt the salutory purpose of limiting the information in the records to a privileged few may have been accomplished at the outset if the docket entries had been worded so as not to reveal the identity of the plaintiff as a committed narcotic. That, however, is beside the point of plaintiff's case. It is the publication of the information and not merely the defendant's inspection of the docket of which the plaintiff complains. Was it incumbent upon the defendant to guard against such publication? That is the pivotal question.
It has been noted that the statute permits a narcotic to submit himself voluntarily for commitment and treatment as in the plaintiff's case; and the very nature of a voluntary petition is indicative of the petitioner's desire to rid himself of addiction. In this connection the publication of the instant docket entries was in fact more offensive than if the entire record of the proceedings had been published since publication of the full proceedings would have revealed the voluntary nature of the plaintiff's commitment while the published portion of the records tended to denote adverse or forcible action by the state. To the lay reader, the publication might even suggest criminal dealing in narcotics.
Generally public records are subject to the right of inspection and publication; but this right does not apply to all public records since public policy requires that some of them, although of a public nature, be kept secret and free from public inspection. 45 Am.Jur., Records and Recording Laws, § 26, 76 C.J.S. Records § 36. It is suggested arguendo that the defendant, though not a public officer, was clearly placed under a duty not to publish the forbidden information. In 1 C.J.S. Actions, § 9b, the text states:
"It is a general rule that, where a statute imposes a duty for the benefit or protection of particular individuals or classes of individuals, a violation of such duty gives a right of action to any person for whose benefit or protection the statute was enacted, for any damages he has sustained thereby, without any fault on his part, as against the person guilty of the violation. This rule applies in case of a duty imposed by a statute on any citizen, as well as to a duty of a general public nature imposed on a public office * * * and also applies although the statute * * does not in terms create a right of action, or prescribe any remedy for its enforcement or violation * * *." (Emphasis added)
In 77 C.J.S. Right of Privacy § 2, the text reads:
"It has been stated broadly that the right of privacy is designed to protect those persons with whose affairs the community has no legitimate concern from being dragged into an undesirable and undesired publicity, and to protect all persons from having matters which they may properly prefer to keep private made public against their will."
Florida recognizes a right of privacy as a distinct basis of a cause of action in the event of its infringement. Cason v. Baskin, 1947, 159 Fla. 31, 30 So.2d 635.
Our metropolitan newspapers, such as that of the defendant, are among the technological marvels of the age. They render invaluable public service. They exert tremendous impact on the economy and are vitally important in the gathering and dissemination of news and views. They are otherwise extremely powerful. Their editorial pronouncements, subjectively impersonal, make them almost pontifical in their capacity to influence public opinion; and they are rightly blest with the constitutional guaranty of freedom of the press. Such power imposes corresponding responsibility which the newspaper fraternity recognizes in its self-governing code.
*627 We think this case should not have been decided summarily against the plaintiff. The publication or republication of information derived from court records identifying a person as a committed narcotic is, in our opinion, implicitly prohibited by Fla. Stat. § 398.18(1), F.S.A. C/f 53 C.J.S. Libel and Slander § 86, with reference to the liability of republisher and repeater. The accredited news dispensing agencies of Florida are charged with knowledge of the statute. The fact that information which is not in the public domain has been obtained innocently does not license a publisher, charged with knowledge of the proscribed character of the information, to publish it further and thus compound the wrong.
The judgment appealed is reversed and the cause remanded for further proceedings.
Reversed.
ALLEN, Acting C.J., and KANNER, J., concur.
NOTES
[1] "The clerk of the circuit shall keep:

* * * * *
"(2) A progress docket, in which he shall note the filing by each party to any cause, at common law or in equity, of any appearance, or pleading therein, and of any step taken in the clerk's office in connection with said cause, such noting to be at the time of such filing and of taking such step; * * *"
[2] "* * * Such records shall always be open to the public, under the supervision of the clerk, for the purpose of inspection thereof, and of making extracts therefrom; * * *"
[3] "All state, county and municipal records shall at all times be open for a personal inspection of any citizen of Florida, and those in charge of such records shall not refuse this privilege to any citizen."