302 So.2d 177 (1974)
Charles FARLEY, a Minor, through His Guardian and Next Friend, Katherine Ryan, Appellant,
v.
GATEWAY INSURANCE COMPANY, Appellee.
No. 73-908.
District Court of Appeal of Florida, Second District.
October 30, 1974.
Robert W. Holman, Hammond and Holman, Pinellas Park, for appellant.
Irving G. Lawrence and Ronald W. Young, Rousseau, Wilkinson, Gordon & Lawrence, Tampa, for appellee.
*178 McNULTY, Chief Judge.
This case involves a construction of the Florida Automobile Reparations Reform Act,[1] i.e., the no-fault insurance law.
The minor appellant, Farley, was injured in an accident while riding as a passenger in an automobile owned by Hamilton and insured by appellee Gateway Insurance Company. Farley made demand upon Gateway for payment of personal injury protection benefits under the aforesaid Reparations Reform Act and, upon rejection of the demand, filed suit for declaratory decree against Gateway. Gateway denied coverage alleging, and it is conceded, that Farley resided with his mother and stepfather, Ryan, that his stepfather Ryan was the owner of an automobile and that the stepfather had failed to procure no-fault insurance coverage on his own car. It argues that since the stepfather's vehicle was not so insured Farley was required to look to his stepfather as an "insurer" under the provisions of §§ 627.736(4)(d) 4. and 627.733(4), F.S. 1971. Following a non-jury trial, the court entered judgment for Gateway. We reverse.
As material here, § 627.736(4)(d) 4., supra, reads in part as follows:
"(d) [Gateway] [t]he insurer of [Hamilton] the owner of a motor vehicle shall pay personal injury protection benefits for:
* * * * * *
4. Accidental bodily injury sustained in this state by any ... person [Farley] while occupying the owner's motor vehicle ... provided the injured person is not himself:
a. The owner of a motor vehicle with respect to which security is required ... or
b. Entitled to personal injury benefits from the insurer of [Ryan] the owner of such a motor vehicle."
Section 627.736(4)(d) 3., F.S. 1971, as applicable here, provides:
"(d) The insurer of [Ryan] the owner of a motor vehicle shall pay personal injury protection benefits for:
* * * * * *
3. Accidental bodily injury sustained by [Farley] a relative of the owner residing in the same household,... provided the relative at the time of the accident is domiciled in the owner's household and is not himself the owner of a motor vehicle with respect to which security is required... ."[2]
Concededly, Farley did not own an automobile. Ordinarily, then, in view of this fact there is no doubt that if he were not living with his stepfather he would be entitled to coverage under Hamilton's policy. It also follows that if Farley's stepfather had an insured vehicle, Farley would be entitled to coverage under his stepfather's insurance policy, there being no denial that Farley was a "relative ... by marriage" domiciled in the stepfather's household. But Farley's stepfather did not have coverage, so § 627.733(4), F.S. 1971, is relevant; and that, as applied here, provides:
"(4) An owner [Ryan] of a motor vehicle with respect to which security is required ... who fails to have such security in effect at the time of an accident shall have no immunity from tort liability, but shall be personally liable for the payment of benefits under § 627.736. With respect to such benefits, such an owner shall have all of the rights and obligations of an insurer under §§ 627.730-627.741." (Italics supplied.)
It was this provision upon which the trial court predicated judgment against Farley. *179 In essence the court held that by failing to obtain insurance on his own vehicle, the stepfather Ryan became an "insurer" as to his relative Farley and that Farley was therefore entitled to collect personal injury benefits from the stepfather. Gateway was thus exonerated. We can't agree.
While a literal reading of the several foregoing sections could unquestionably bring one to the same conclusion, we nevertheless believe that such a construction wholly overlooks the paramount intent of the legislature in the passage of the Florida Automobile Reparations Reform Act. First of all, § 627.731[3] thereof states that the purpose of the act is to provide for insurance benefits to be paid under motor vehicle policies without regard to fault. We think, therefore, the act was intended to broaden insurance coverage while at the same time reasonably limiting the amount of damages which could be claimed. The interpretation placed upon the act by the court below in the factual context of this case had the effect of reducing the scope of insurance coverage.
Secondly, the obvious reason for § 627.736(4)(d) 4.b., supra, relating to coverage under another owner's policy, is to prevent an injured party from receiving a windfall by collecting benefits from the insurance carrier for the owner of the vehicle in which he is riding at the time of the accident and at the same time collecting benefits from the insurance carrier of another motor vehicle owner, such as one to whom he is related and with whom he resides in the same household (which would have been the case here had the stepfather purchased coverage). But since the stepfather carried no insurance there was no double insurance coverage. Accordingly, that fear of the legislature has not materialized in this case.
In short, the net effect of the judgment below is to deprive Farley of any insurance benefits at all simply because his stepfather failed to obtain insurance according to the Florida Automobile Reparations Reform Act. While, commendably, § 627.733(4), supra, was designed to exert pressure upon one such as Farley's stepfather to buy no-fault coverage, we cannot believe that the legislature intended to acquiesce in the consequence of calamity to a relative living in his household if he fails to do so, when such relative is injured in or by a stranger's automobile and can recover from the stranger's insurer if the stepfather didn't even own an automobile. Farley should not in effect be penalized just because his stepfather bought an automobile; and the obvious practicalities in these cases preclude a response that he, Farley, can always go against his stepfather if the latter fails to procure insurance therefor.
Finally, it is significant that § 624.03, F.S. 1971, which is applicable to the entire Florida Insurance Code, defines the word "insurer" as follows:
"624.03 Insurer defined `Insurer' includes every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or of annuity."
Thus, an insurer is one in the business of selling insurance. The significance of this here is that § 627.733(4), supra, does not declare that a motor vehicle owner who fails to purchase insurance is indeed an insurer; it says only that he has the rights and obligations of an insurer and becomes liable for payment of benefits under the Florida Automobile Reparations Reform Act. This may in some cases be a distinction without a difference, but nevertheless the fact that because of his failure to buy insurance one may be liable under the act for the payment of benefits does not make him an "insurer" as such under the provisions of § 627.736(4)(d) 4., first hereinabove set forth.
In view of all the foregoing, therefore, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded *180 for further proceedings not inconsistent herewith.
BOARDMAN, J., concurs.
GRIMES, J., concurs specially with opinion.
GRIMES, Judge (concurring specially).
I fully agree with the reasoning and conclusion of the majority assuming Farley, as a stepson, is indeed a "relative" of Ryan as contemplated by § 627.732(4), F.S. 1971. However, I am not now prepared to say, nor is it necessary since there is no denial thereof, that Farley is such a "relative." If Farley is a relative, Gateway is liable for the reasons stated by Judge McNulty; if he is not a relative, the provisions relied upon by Gateway to deny coverage would be wholly inapplicable.
NOTES
[1] Section 627.730 et seq., F.S. 1971.
[2] "Relative" is defined in § 627.732(4), F.S. 1971, as a "... relative of any degree by blood or by marriage... ."
[3] See, n. 1, supra.