309 So.2d 617 (1975)
COMMERCIAL UNION INSURANCE COMPANY, a Corporation, Appellant,
v.
Vera May Williams, a Minor, through Her Next Friend, Selma KRAUSS, Appellees.
No. W-115.
District Court of Appeal of Florida, First District.
March 20, 1975.
Wallace B. McCall, and Edna L. Caruso, of Howell, Kirby, Montgomery D'Aiuto & Dean, West Palm Beach, for appellant.
David R. Lewis, Blalock, Holbrook, Lewis, Paul & Issac, Jacksonville, for appellees.
BOYER, Judge.
The sole issue on this appeal is whether appellee who was plaintiff in the trial court may recover damages for medical and hospital bills from the insurer of a vehicle in which she was injured while riding as a passenger, when she was a resident of the household of her mother who owned a vehicle which was not insured.
*618 It should be noted that the appellee is a minor and she (not her parent) was the plaintiff in the trial court. However, the right of a minor to claim damages for medical and hospital expenses was not raised in the trial court and is therefore not an issue here. We accordingly consider this case as though the plaintiff below, appellee here, were sui juris.
The complaint filed in the trial court alleged that the plaintiff was a passenger in a vehicle owned and operated by one Charles Miller, Jr., now deceased, which was involved in a collision with another vehicle resulting in injuries to the plaintiff; that Charles Miller, Jr. was a resident of Florida and had in effect a policy of automobile insurance which contained personal injury benefits (PIP) for occupants of Miller's vehicle, which policy was issued by defendant. (Appellant here) The complaint further alleged that the plaintiff submitted a claim to defendant for the payment of her hospital and medical bills but that the defendant denied the claim apparently based on the fact that the plaintiff was a resident of a household wherein her mother was the owner of a motor vehicle as defined by the Florida Automobile Reparations Reform Act which was required to have insurance, which would have supplied such benefits to the plaintiff; that the plaintiff's said mother did not in fact have the required insurance in effect at the time of the subject accident and that there was no known policy of insurance in effect other than that issued by the defendant, appellant, providing said personal injury benefits to the said plaintiff.
The answer was essentially a general denial but contained an affirmative defense alleging that the plaintiff's claim was barred by the Florida Automobile Reparations Reform Act for the reason that the plaintiff was a resident of the household of her mother, that the said mother owned and operated an automobile which was required to be covered by a policy of liability insurance and that because of the failure of the said mother to have such a policy of insurance in effect she thereupon became a self insurer under the Act.
The plaintiff filed a motion for summary judgment which was granted by the trial judge, thus this appeal. The language employed by the able and learned trial judge requires no paraphrasing and leads to a correct conclusion. We accordingly adopt the pertinent portions of the summary final judgment here appealed as expressing our opinion, to-wit:
"At the hearing on that Motion, the attorneys representing the plaintiff and the defendant stipulated that: The plaintiff Vera May Williams is 16 years old, the daughter of Selma Krauss, and living in the same family unit as her mother. The mother Selma Krauss is the owner of a motor vehicle that is not covered by insurance as required by Florida Statutes § 627.733. The plaintiff Vera May Williams, while a passenger in another motor vehicle that was covered by insurance issued by the defendant Commercial Union Insurance Company, was injured on March 1, 1974, and incurred medical and hospital bills in the amount of $3,112.75.
"At the hearing the attorneys for the plaintiff and the defendant also stipulated that the court should consider the depositions of Vera May Williams, Selma Krauss and Allen Edward Krauss filed May 16, 1974, and the insurance policy issued by the defendant Commercial Union Insurance Company filed in evidence on May 20, 1974, as defendant's Exhibit 1.
"At that hearing, the attorneys for the plaintiff and the defendant agreed that there are no factual issues between them, that the sole question to be decided by the court is one of law.
"The position of the defendant Commercial Union Insurance Company is that under Florida Statutes §§ 627.732(4), 627.733(4) and 627.736(1) if a person related *619 by blood or marriage to any degree usually makes his or her home in the same family unit as the owner of a motor vehicle not covered by an insurance policy, that relative when injured while riding in another motor vehicle that is covered by an insurance policy cannot sue the insurance company that issued the policy covering the vehicle in which the relative was injured for personal injury protection benefits but can sue only the uninsured owner in the same family unit.
"The position of the plaintiff Vera May Williams is that under those above-referred to statutes she could indeed sue the uninsured owner in the same family unit, but under Florida Statutes §§ 627.736(1) and 627.736(4)(d) 4 may instead sue the insurance company that issued the policy covering the vehicle in which the relative was injured if she prefers to do so.
"The court subscribes to the contentions of the plaintiff. The court construes the mentioned statutes not to exclude a suit against the defendant under these circumstances. * * *
* * * * * *
"Hence, the court finds that there is no genuine issue as to any material fact, and that as a matter of law this amended summary final judgment for the plaintiff should be entered.
"Therefore, it is ADJUDGED that:
"1. The plaintiff Vera May Williams recover from the defendant Commercial Union Insurance Company, a corporation, the sum of $3,112.75, plus attorney's fees in the sum of $750.00, plus costs in the sum of $23.50, for which let execution issue."
In accord are Gateway Insurance Co. v. Butler, Fla.App.3rd 1974, 293 So.2d 738 and Farley v. Gateway Insurance Company, Fla.App.2nd 1974, 302 So.2d 177.
Appellee has filed a timely motion for attorney's fees incident to this appeal. The trial court being in a better position than are we to take testimony and evidence as may be necessary in fixing an appropriate fee, the case is remanded to the trial court to fix an amount of attorney's fees to be awarded incident to this appeal.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.