314 So.2d 222 (1975)
Coy Lee JORDAN, Husband, and Clara Mae Austin, Wife, Parents of Angela Jordan, Appellants,
v.
PENSACOLA NEWS-JOURNAL, INC., et al., Appellees.
No. V-306.
District Court of Appeal of Florida, First District.
June 3, 1975.
Rehearing Denied July 7, 1975.
*223 James E. Moore, of Moore & Anchors; and D. Michael Chesser, Fort Walton Beach, for appellants.
Joe J. Harrell, of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellees.
McCORD, Judge.
This is an appeal from a final order dismissing appellants' complaint. The complaint was filed by the adoptive parents of Angela Jordan, individually, and by such parents as next friend of Angela Jordan. It purports to state a cause of action for invasion of privacy and is based upon a publication by appellees which stated "the fact that the adoption proceeding was pending and published a complete and detailed analysis and description of the details and specific facts which were presented to the court in the adoption proceedings.
The statute involved, § 63.181, Florida Statutes, 1971, (the statute in effect at the time of the publications) stated as follows:
"The court files, records and papers in the adoption of minors are confidential, and shall be indexed only in the name or names of the petitioners seeking the adoption and the name of the minor neither before nor after the adoption shall be noted on any docket, index or other record outside of the court file. At any time during the progress of the action the court may impound all files, records and papers therein. In all adoption actions on entry of a final judgment, the court files, records and papers shall be sealed and shall not be open to inspection except on order of the court. All adoption records of the division of family services of the department of health and rehabilitative services and licensed child-placing agencies are hereby declared to be confidential and shall not be open to inspection."
Appellants alleged that the above statute expresses the statutory intent that every person who shall be adopted "has a statutory right of privacy to save and protect them from embarrassment, humiliation, and offensive publicity." After hearing appellee's motion to dismiss the complaint, the trial court entered an interim order directing appellants to attach to the complaint copies of the articles upon which the suit was based. Such was done and these articles are incorporated in the record before this court.
The foregoing statute is a proscription against the release of any of the court records pertaining to an adoption proceeding and it contains directions to the custodians of the records as to maintaining the confidentiality of them. It contains no proscription, however, regarding publication of information not obtained from court records relative to an adoption proceeding. Appellant has not alleged that appellees obtained the information printed in the newspaper from the court files or the files of the State Welfare Board or a licensed child-placing agency. Had the legislature intended to prohibit all publication of information relating to an adoption proceeding, the statute could have been *224 couched in such terms. We do not infer, however, that had the legislature so enlarged the statute, such enlargement would or would not be constitutional as that question is not before us.
Appellants rely upon two authorities in support of their contentions  Patterson v. Tribune Company, Fla.App.2d, 146 So.2d 623 and Firestone v. Time, Inc., Fla. 271 So.2d 745. Patterson was a suit in some respects similar to the case sub judice. There, the statute involved was § 398.18(1), Florida Statutes, 1961, dealing with suits to commit narcotic addicts for treatment, and it, like the statute here, provided that certain court records would be confidential. There the information presented in the defendant's newspaper was the clerk's docket, identifying the plaintiff as having been "committed on narcotics" and citing entry of the order of commitment. Patterson involved the publication from the court record in direct violation of the confidentiality statute plus a misstatement of the record. The plaintiff there was not committed but voluntarily submitted himself for treatment. As above stated, appellants here have not alleged that appellees published the court record or information obtained from the court record. From the briefs and oral arguments, it appears that appellants do not contend that the publication came from the court records and the reading of the articles themselves leaves an inference that all of the information came from statements of persons involved in the proceeding.
Firestone v. Time, Inc., supra, does not concern right of privacy. It was a libel suit based upon a publication giving a false account of plaintiff's divorce. Such is not analogous or relevant to the case sub judice.
We find no error in the trial court's dismissal of the complaint. Affirmed.
BOYER, Acting C.J., and MILLS, J., concur.