QUESTION: May the Department of Health and Rehabilitative Services release confidential information from the Developmentally Disabled Adult Abuse Registry to organizations or groups wishing to independently investigate alleged abuse of developmentally abused persons?
SUMMARY: The Department of Health and Rehabilitative Services should not release confidential information from the Developmentally Disabled Adult Abuse Registry to organizations or groups wishing to independently investigate alleged abuse of developmentally disabled persons in the absence of a court order. According to your letter, the Division of Family Services has been advised by the Division of Retardation that a private group known as the Human Rights Advocacy Committee and other persons concerned with the welfare of retarded citizens wish to have access to the reports contained in the abuse registry maintained by the department pursuant to s. 827.09(7), F. S. These organizations wish to have access to the records in order to independently investigate alleged abuse of developmentally disabled persons. It is the position of the Department of Health and Rehabilitative Services that neither the Division of Family Services nor the Division of Retardation may release this information to the foregoing parties. Section 827.09(7), F. S., provides as follows: CENTRAL REGISTRY. — Reports of abuse shall be recorded in central registries established and maintained by the department as required by s. 828.041 [carried forward as s. 827.07(7)], dealing with abuse of children. Each registry shall contain information as to the name of the abused developmentally disabled person and the members of the family or other persons responsible for his care, the facts of the investigation, and the result of the investigation. The information contained in the registry shall not be open to inspection by the public. However, appropriate disclosure may be made for use in connection with the treatment of the abused person or the person perpetrating abuse, and to counsel representing either person in any criminal or civil proceeding. Appropriate disclosure may also be made for use in connection with the hiring or employment of persons to serve developmentally disabled persons. In addition, information contained in the registry may be available for purposes of research relating to the abuse of developmentally disabled persons. The department shall make such information available upon application by a researcher or research agency of professional repute provided the need for the records has been demonstrated to the satisfaction of the department. Records shall not be opened under this provision unless adequate assurances are given that names and other information identifying developmentally disabled persons will not be disclosed by the applicant. (Emphasis supplied.) An examination of this statute demonstrates that the records contained in the abuse registry are limited access public records which may be released only to the persons specifically authorized and subject to the conditions prescribed therein. See AGO 075-21 and cases cited therein dealing with release of information within the child abuse registry, s. 827.07(7), F. S. The statute clearly states that the information which these organizations have requested may be made available only to specified groups or persons. Whether the organizations requesting the information could be considered "research agencies of professional repute" as contemplated by the statute is questionable. Additionally, assuming for the sake of argument that such organizations could be considered "research agencies of professional repute" the organizations would still be required to demonstrate their need for such records to the satisfaction of the department. By requiring that the research agencies do not disclose the names and other identifying information of developmentally disabled persons, I am inclined to the view that the Legislature contemplated that this information be released to bona fide research agencies for purposes of compiling general statistical data and information and not to serve as a catalyst for independent investigations of the reports. Accordingly, until ordered by a court of competent jurisdiction to release this information to organizations who desire this information for purposes of independently investigating reports of abuse, I must advise against the release of the reports. Cf. Patterson v. Tribune Co., 146 So.2d 623 (2 D.C.A. Fla., 1962).