### STEVENSON v. TIMES PUBLISHING CO., et al.

No. 78-3764-12.

Circuit Court, Pinellas County.

July 10 and September 18, 1978.

Irene H. Sullivan of Harris, Barrett & Dew, St. Petersburg, for the plaintiff.

George H. Rahdert of Shackleford, Farrior, Stallings & Evans, Tampa, for the defendants.

ROBERT E. BEACH, Circuit Judge.

*Memorandum opinion:*

## Facts

This is a civil action for invasion of privacy brought against the Times Publishing Company, publisher of the St. Petersburg Times, and its reporter, William Nottingham. The plaintiff, Gail Stevenson, is a client of Straight, Inc., a state and federally funded drug treatment program. The plaintiff complains of a February 23, 1978 news article which states that she identified herself by name at a parents meeting, and further states that she said she had attempted to escape from the custody of Straight, Inc. The article is incorporated within the complaint as an exhibit. The complaint further states that defendant Nottingham published information about the plaintiff in violation of an express agreement to the contrary.

The complaint proceeds on two theories of privacy. First, the plaintiff alleges a statutory cause of action under Section 397.096, Florida Statutes (1977). This statute makes confidential records maintained by drug treatment programs. Secondly, the plaintiff alleges elements of a common law cause of action for invasion of privacy.

The central issue before this court is whether the news article which is the basis of the complaint concerns a subject which is in the public interest.

## Conclusions of law

1. The determination of whether the news article is in the public interest is a question of law to be determined by this court. *Jacova*

*v. Southern Radio and Television Co.,* 83 So.2d 34, 40 (Fla. 1955);
*Cox Broadcasting Corp. v. Cohn,* 420 U. S. 469, 492-495 (1975);
*Time, Inc. v. Hill,* 385 U. S. 374, 387-388 (1967).

2. The source from which the press obtains information has no
bearing on the newsworthiness or public-interest status of the
information when it is published. See *Fletcher v. Florida Publish-
ing Co.,* 319 So.2d 100 (Fla. 1st DCA 1975), rev'd on other
grounds, 340 So.2d 914 (Fla. 1976), where the trial court prop-
erly dismissed a count for invasion of privacy brought on a theory
similar to that presented in the case *sub judice,* but proceeded to
summary judgment on a count against the press for trespass.

3. Where information published is in the public interest, there
is no right to privacy, and hence no cause of action which may be
asserted against the press. *Jacova,* supra, at 36; *Harms v. Miami
Daily News, Inc.,* 127 So.2d 715, 716 (Fla. 3rd DCA 1961); see
generally *Cox Broadcasting Corp.,* supra.

4. Upon this court's review of the complaint and news article
incorporated in the complaint, the court holds that the subject of
the article in question is in the public interest, and its publication
invades no right of privacy as a matter of law. The court bases
this holding on the legal and constitutional dimensions of the public
interest articulated in *Cox Broadcasting Corp.,* supra. See also
*Jacova,* supra, and *Cason v. Baskin,* 30, So.2d 635 (Fla. 1947).

5. This court interprets *Cox Broadcasting v. Cohn,* supra, as
holding that the First and Fourteenth Amendments prohibit the
imposition of state sanctions for publications about "event of legiti-
mate concern to the public [which] consequently fall within the
responsibility of the press to report . . ." 420 U.S. at 492. For this
reason the *Cox* decision overrides the prior opinion *of Patterson v.
Tribune Co.,* 146 So.2d 623 (Fla. 2d DCA 1962). Therefore, this
court concludes that a statutory cause of action may not be inferred
from Section 397.096, Florida Statutes (1978). Cf. *Jordan v. Pen-
sacola News-Journal, Inc.,* 314 So.2d 222 (Fla. 1st DCA 1975).

*Order of dismissal with prejudice, July 10, 1978:* This cause
having come on for hearing on the defendants' motion to dismiss,
and the court having heard argument of counsel and being other-
wise advised in the premises, it is hereby ordered and adjudged
that Counts I and III of the plaintiff's complaint are dismissed
with prejudice for the reasons stated in the memorandum opinion
filed herewith.

It is further ordered and adjudged that Counts II and IV are
dismissed without prejudice with leave to amend within twenty
days from the date of this order, if the plaintiff desires, in a manner

not inconsistent with the principles expressed in this order and the memorandum opinion.

*Amended order of dismissal with prejudice, September 18, 1978:* This cause having come before the court on the joint motion to amend an order, and the court being otherwise advised in the premises, it is hereby ordered and adjudged that Counts I, II, III and IV of the plaintiff's complaint are dismissed with prejudice for the reasons stated in the memorandum opinion filed with the original order of dismissal with prejudice.