ORFINGER, Judge.
Sherilyn Marie Pierce was injured when, as a pedestrian, she was struck by an automobile driven by Mark J. Giere and insured by appellant State Farm. Sherilyn did not own an automobile and lived with her husband, appellee James A. Pierce, who did own an automobile but who had no insurance. When Sherilyn filed suit against State Farm claiming personal injury protection benefits under Giere’s policy, State Farm filed a third-party complaint against her husband alleging that he was required to carry insurance; that had he carried the required insurance, his carrier would have been responsible for Sherilyn’s personal injury protection benefits;[1] and because he had no insurance he became personally liable for the benefits with all the rights and obligations of an insurer.[2]
On motion by the husband, the trial court entered a final order dismissing the third-party complaint, and State Farm appeals.
The issues presented here have already been answered by our sister courts *1186 contrary to appellant s contentions. Farley v. Gateway Insurance Company, 302 So.2d 177 (Fla.2d DCA 1974) succinctly covers the points raised here, and gives adequate support to the trial judge’s order, and we adopt the reasoning of that case.[3] State Farm’s contention that those cases did not involve an attempt by the insurer to compel the uninsured owner to share in payment of benefits and thus distinguishes this case from those cited is without merit. As stated in Farley, supra, section 627.733(4) does not make the uninsured owner an insurer, so there is no basis upon which State Farm can invoke the statute requiring two or more insurers to share the payment pro-rata.[4]
*1185 (4) An owner of a motor vehicle with respect to which security is required by this section who fails to have such security in effect at the time of an accident shall have no immunity from tort liability, but shall be personally liable for the payment of benefits under s. 627.736. With respect to such benefits, such an owner shall have ail of the rights and obligations of an insurer under ss. 627.730-627.741.
*1186 In the third-party complaint, State Farm alludes to a separate action filed by Sherilyn against Giere and State Farm for damages arising out of the same incident, in which appellee, as Sherilyn’s husband, joined for his derivative claim. It is appellant’s position that the trial judge’s dismissal here gives appellee the opportunity to collect the same benefits twice, but this is not so, since section 627.736(3), Florida Statutes (1977), specifically precludes the recovery of any damages in a tort action for which personal injury protection benefits have been paid or are payable, without reference to who pays them.
The trial court’s order of dismissal was correct and is therefore
AFFIRMED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. § 627.736(4)(d), Fla.Stat. (1977): The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
» * * * * *
(3) Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1. or subparagraph 2., provided the relative at the time of the accident is domiciled in the owner’s household and is not himself the owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741.
(4) Accidental bodily injury sustained in this state by any other person while occupying the owner’s motor vehicle or, if a resident of this state, while not an occupant of a self-propelled vehicle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
(a) The owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741, or
(b) Entitled to personal injury benefits from the insurer of the owner or owners of such a motor vehicle.

. § 627.733, Fla.Stat. (1977):

. See also: Gateway Insurance Company v. Butler, 293 So.2d 738 (Fla.3d DCA 1974); Commercial Union Insurance Company v. Williams, 309 So.2d 617 (Fla. 1st DCA 1975); Witko v. Liberty Mutual Insurance Company, 348 So.2d 52 (Fla.4th DCA 1977).

. § 627.736, Fla.Stat. (1977): (4.)(e) If two or more insurers are liable to pay personal injury protection benefits for the same injury to any one person, the maximum payment shall be as specified in subsection (1), and any insurer paying the benefits shall be entitled to recover from each of the other insurers and equitable pro rata share of the benefits paid and expenses incurred in processing the claim.