514 So.2d 1136 (1987)
CAPE PUBLICATIONS, INC., Vince Spezzano and Jere Maupin, Appellants,
v.
Phillip HITCHNER and Barbara Hitchner, His Wife, Appellees.
No. 87-277.
District Court of Appeal of Florida, Fifth District.
November 5, 1987.
*1137 Jack A. Kirschenbaum of Wolfe, Kirschenbaum & Peeples, P.A., Cocoa Beach, and Florence Snyder Rivas of Milledge, Iden & Snyder, Miami, for appellants.
William E. Weller of Rose & Weller, Cocoa Beach, for appellees.
DAUKSCH, Judge.
This is an appeal from an order granting partial summary judgment on the issue of liability. Fla.R.App.P. 9.130(a)(3)(C)(iv). The Hitchners were acquitted of the charge of aggravated child abuse. Five days after the trial, a reporter employed by Cape Publications, Inc., publishers of the Today newspaper, heard of the case and examined the Clerk's file in the criminal court office. The reporter interviewed the assistant state attorney who prosecuted the case. Acting under the direction of the assistant state attorney, a secretary produced the entire file on the Hitchner case for the reporter. The reporter read the file which contained an HRS dispositional report, the sheriff's case report and a typed interview between the child and the assistant state attorney. These documents, which were generated as a result of a report of child abuse or neglect, were exempt from the public records act and were not subject to disclosure. § 827.07(15), Fla. Stat. (1981).
The story of the Hitchners' case appeared on the front-page of the Today newspaper. The story contained statements which were not disclosed at trial. These statements came directly from the HRS predispositional report, the sheriff's case report and the typed interview of the child.
The Hitchners filed a suit against the reporter and Cape Publications alleging invasion of privacy by public disclosure of private facts. The Hitchners alleged that the documents and the state attorney's file were confidential reports which were disclosed in violation of section 827.07, Florida Statute (1981).
The elements of the tort of invasion of privacy are public disclosure, the facts disclosed to the public were private facts, and the matter made public is one which would be offensive and objectionable to a reasonable man of ordinary sensibilities. Prosser, Law of Torts, § 117 (4th Ed. 1971). Section 827.07, Florida Statutes (1981) clearly establishes the privacy of documents obtained pursuant to a report of child abuse or neglect and states that the purpose of the statute is to protect the rights of the child and the parents. In Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 498, 95 S.Ct. 1029, 1047, 43 L.Ed.2d 328 (1975), the Supreme Court stated that a civil action for invasion of privacy cannot be based on a statute prohibiting the publishing or broadcasting of a rape victim's name where there is no showing that the information was obtained in an improper fashion or from an official court document not open to public inspection. While all aspects of the trial in the instant case are public and subject to dissemination by the media, the statements specifically alleged in the Hitchners' complaint were not disclosed *1138 at trial. The parties in this case stipulated that the statements the Hitchners contend to be an invasion of privacy came from the documents exempt from public disclosure.
Contrary to the assertions of Cape Publication, the Hitchners did not need to show that the information was knowingly and willfully made public. Although section 827.07(18), Penalties, Florida Statutes (1981) states that it is a misdemeanor to knowingly and willfully disclose the confidential information, the Hitchners did not institute criminal charges. Invasion of privacy does not require that there be a knowing and willing public disclosure, only that private facts were publicly disclosed. Additionally, while the state attorney was the custodian of the file and burdened with the responsibility not to disclose, it was the newspaper who published the private facts thus fulfilling the element of public disclosure.
The Hitchners properly alleged a cause of action for invasion of privacy. Section 827.07(15), Florida Statutes (1981) establishes the privacy of the facts disclosed. The stipulated facts precluded any genuine issue of material fact and summary judgment on liability was properly requested.
Cape Publications responds that summary judgment could not be entered since the Hitchners did not disprove or establish the legal insufficiency of Cape Publications' affirmative defenses. Kuczkir v. Martell, 480 So.2d 700 (Fla. 4th DCA 1985); SAC Construction Co. v. Eagle National Bank, 449 So.2d 301 (Fla. 3d DCA 1984). Truth is not a defense against an action for invasion of privacy. 19 Fla. Jur.2d Defamation or Privacy, Section 147. Absence of malice does not constitute a defense but may be an element in assessing damages. Id. at section 148. The Hitchners had standing to bring the action for invasion of privacy since the statements were about or directed toward them and the statute prohibiting disclosure states as one of its purposes the protection of the parents. Cape Publications alleges that the statements are constitutionally protected, however, invasion of privacy is not protected by the First or Fourteenth Amendment. Cape Publications also alleges that the information came from public records; however, the stipulated facts state that the information came from documents not subject to public inspection. Cape Publications' final affirmative defense is that the Hitchners are public figures and that the matters published were of public concern and interest. As we stated before, the facts specifically alleged in the complaint were not revealed at trial, were exempt from public disclosure and are considered private facts.
Finally, Cape Publications challenges the constitutionality of section 827.07, Florida Statutes (1981). Cape Publications points to numerous United States Supreme Court cases which have struck down penal statutes which forbid the publication of statutorily protected matters. Smith v. Daily Mail Publishing Co., 443 U.S. 97, 99 S.Ct. 2667, 61 L.Ed.2d 399 (1979) (striking down West Virginia's penal statute which forbade the publication of the name of a child who is the subject of a criminal proceeding); Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 98 S.Ct. 1535, 56 L.Ed.2d 1 (1978) (first amendment prohibits punishment of nonparticipants in proceeding for publishing truthful information regarding Virginia's qualification commission's confidential proceedings); Oklahoma Publishing Co. v. District Court, 430 U.S. 308, 97 S.Ct. 1045, 51 L.Ed.2d 355 (1977) (state action to punish the publication of truthful information seldom can satisfy constitutional standards). However, this is not an action where a party is being punished under a criminal statute for publication of truthful information which was in the public domain. This is an action where the victim alleges that the statutorily protected private facts were publicly disclosed.
There is no question that the state can deny public access to certain documents. See Jordan v. Pensacola News Journal, Inc., 314 So.2d 222 (Fla. 1st DCA 1975) (action for privacy can lie in publication of information obtained from court records regarding adoption proceedings). The statute *1139 is not constitutionally infirm because it does not infringe upon the freedom of press and publication but merely establishes the privacy of certain facts by prohibiting their disclosure.
Cape Publications has shown no error in the trial court's order granting partial summary judgment on the issue of liability and the order is affirmed.
AFFIRMED.
ORFINGER and COBB, JJ., concur.