## JOHN DOE v CINCINNATI LIFE INSURANCE COMPANY, et al.

### Case No. 89-2824-CA-D

Fifth Judicial Circuit, Marion County

January 17, 1990

### APPEARANCES OF COUNSEL

Donald M. Williams

David M. Lopez

Dock A. Blanchard

David A. Glenny

Richard Jones

### OPINION OF THE COURT

RAYMOND T. McNEAL, Circuit Judge.

### *ORDER GRANTING MOTIONS TO DISMISS*

Plaintiff, using the pseudonym, John Doe, sued Cincinnati Life Insurance Company, Lossing Insurance Agency, Inc., Bryan Masterson (Lossing employee) and Gigi's Salon Plus, Inc. (plaintiff's former employer) alleging various causes of action based on his positive HIV

test and its subsequent disclosure. Lossing, Masterson and Gigi's filed Motions to Dismiss the complaint. Cincinnati did not file a Motion to Dismiss, but raised some of the same issues as affirmative defenses. Those defenses are addressed along with the Motions to Dismiss.

All defendants raised one issue that requires dismissal of the complaint. Defendants argue that plaintiff cannot prosecute the case in the name of "John Doe." Plaintiff contends that *Fla. Stat.* § 381.609(2)(f)9.b (1988 Supp.) requires that "pleadings pertaining to disclosure of test results shall substitute a pseudonym for the true name of the subject of the test."

*Fla. Stat.* § 381.609 (1988 Supp.) was adopted to encourage persons to seek HIV testing by promising confidentiality and nondisclosure. Section (2)(f)9 provides a mechanism for third parties to obtain a person's test results upon showing a compelling need for the results that cannot be accommodated by other means. A party seeking to discover the results must use a pseudonym for the true name in their pleadings. This provision does not apply to a person prosecuting a cause of action against others for violating statutes relating to HIV testing. Rule 1.210(a), *Florida Rules of Civil Procedure,* requires that civil actions be prosecuted in the name of the real party in interest. For this reason the complaint is dismissed against all defendants.

Plaintiff sued Cincinnati in Count I, Lossing in Count IV and Masterson in Count VII for violations of *Fla. Stat.* 627.429 (1988 Supp.). In their Motions to Dismiss Lossing and Masterson claim that they are not insurers and therefore are not subject to the requirements of *Fla. Stat.* § 627.429 (1988 Supp.). They rely on *Fla. Stat.* § 624.03 (1987) which defines "insurer" as "every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or annuity." Defendant points out that the insurance agency and its salesman are integral parts of the process of purchasing insurance. If they are not classified as insurers, the statute will be meaningless. The court agrees. People do business with insurance salesmen and insurance agencies, not directly with the insurance companies. An insurer is one who is in the business of selling insurance. *Farley v Gateway Insurance Co.,* 302 So.2d 177, 179 (Fla. 2d DCA 1974). When read together with *Fla. Stat.* § 381.609(6) (1988 Supp.) and *Fla. Stat.* § 627.429(4)(f) (1988 Supp.) it is clear that the legislature intended this broad interpretation. *Fla. Stat.* § 381.609 (1988 Supp.) provides "Except as provided in . . . §§ 627.429 . . . insurers and other participating in activities related to the insurance application and underwriting process shall be exempt from this section." *Fla. Stat.* § 627.429(4)(f) (1988) Supp.) requires "insurers" to maintain strict

confidentiality of test results and applies this requirement to the insurance company, its employees, insurance affiliates, agents and reinsurers. These counts are legally sufficient.

Plaintiff sued Cincinnati in Count II, Lossing in Count V, Masterson in Count VIII and Gigi's in Count XII for negligent disclosure of privileged information. Plaintiff alleges that the defendants had a duty to keep private information on plaintiff's positive HIV test. However, no legal basis for that duty is set forth in the complaint.

Defendants Lossing, Masterson and Gigi's moved to dismiss pointing out there is no common law right to privacy in this information. Citing *Cape Publications, Inc. v Hitchner,* 514 So.2d 1136 (Fla. 5th DCA 1987), plaintiff explains in his memoranda that the allegations of negligence are based upon the confidentiality established by *Fla. Stat.* § 381.609 (1988 Supp.) and *Fla. Stat.* § 627.429 (1988 Supp.). In *Cape Publications* the District Court found that a cause of action for invasion of privacy was properly stated where *Fla. Stat.* § 827.07 (1981) provided that reports of child abuse were confidential. By analogy, *Fla. Stat.* 381.609 (1988 Supp.) and *Fla. Stat.* § 627.429 (1988 Supp.) provide that the results of HIV testing are confidential and may not be disclosed to others except in accordance with the statute. Therefore, plaintiff could state a cause of action for a breach of the duty imposed by these statutes, which he has done in other counts of the complaint. The counts alleging negligence are duplicitous.

Plaintiff sued Cincinnati in Count III, Lossing in Count VI, Masterson in Count IX and Gigi's in Count XIII for intentional infliction of emotional distress. Defendants contend that the disclosures alleged in the complaint do not amount to outrageous conduct. Plaintiff alleges that Cincinnati disclosed the results of plaintiff's positive HIV test to Lossing or that Lossing disclosed them to Cincinnati and that someone disclosed the information to Masterson. The person who disclosed the results to Masterson is not alleged. Lossing and Masterson disclosed the results to Gigi's. One of the three owners of Gigi's disclosed the results to his co-owners and his daughter. Plaintiff argues that these disclosures were atrocious, outrageous and utterly intolerable in a civilized community.

At the direction of Gigi's, plaintiff contacted Lossing to obtain health insurance coverage under Gigi's group policy. His application was apparently handled by Masterson, an employee of Lossing. Each of these entities was an integral part of the process of obtaining insurance, a process initiated by plaintiff. There was no way that process could effectively take place without an exchange of information between the

138

applicant, applicant's employer, the insurance salesman, the insurance agency and the insurance company. Furthermore, *Fla. Stat.* § 627.429(4)(f) (1988 Supp.) by implication, sanctions disclosure between the insurance company, its employees, affiliates and agents. Under the circumstances, the disclosures do not reach the level of outrageous conduct required to state a cause of action for intentional infliction of emotional distress.

Count XIII against Gigi's is a different situation. George Knighton, one of the owners, told his wife, Bernice Knighton and Linda Kelly, co-owners of the business. He also told his daughter. Plaintiff does not allege that Gigi's told anyone else.

George Knighton was under a fiduciary duty to inform his co-owners that one of the employees tested positive for AIDS so that the business could determine what course of action to pursue. Disclosure under these circumstances is not outrageous. Likewise, although the disclosure by George Knighton to his daughter may have violated *Fla. Stat.* § 381.609 (1988 Supp.), it does not reach te level of outrageous conduct required to state a cause of action.

Plaintiff sued Gigi's in Count X for wrongful discharge from employment, a violation of *Fla. Stat.* § 760.50 (1988 Supp.). Gigi's attacks Count X on two grounds. First, defendant claims that the allegation that plaintiff was discharged intentionally and recklessly is a legal conclusion not supported by factual allegations. Secondly, defendant claims that plaintiff does not state what damages he sustained as a result of his wrongful discharge. Generally an allegation that certain acts were done intentionally and recklessly is sufficient to state a cause of action. Discharging a person from employment is an intentional act. Whether or not is was reckless under the circumstances in this case is a jury question. The allegations of Count X are sufficient to state a cause of action.

Plaintiff sued Gigi's in Count XI of the complaint for violating *Fla. Stat.* § 381.609 (1988 Supp.). Defendant contends that there is nothing in the statute giving plaintiff the right to sue for civil damages. The statute, instead, makes violation of the confidentiality provisions a second degree misdemeanor. *Fla. Stat.* § 381.609(5)(b) (1988 Supp.). A violation of a statute may give rise to a cause of action if the statute "imposes a duty for the benefit of an *especial class* of individuals." *Lavis Plumbing Services, Inc. v Johnson,* 515 So.2d 196, 209 (Fla. 3d DCA 1987). *Fla. Stat.* § 381.609 (1988) clearly protects persons such as plaintiff from unauthorized disclosure of test results. The allegations of Count XI are sufficient.

139

Defendants Lossing and Masterson questioned plaintiff's right to sue each of them where a master and servant relationship exists. Defendant argues that under the alleged facts plaintiff has a cause of action against Lossing or Masterson, but not both. That is not correct. At this time the complaint alleges that both Lossing and Masterson made unauthorized disclosures in violation of *Fla. Stat.* § 627.429 (1988 Supp.). Being an employee does not relieve Masterson of his obligation to comply with Florida law. Therefore, both Lossing and Masterson were properly sued in separate counts. The final issued by the pleadings relates to plaintiff's prayer for injunctive relief. Defendant points out that plaintiff failed to allege an inadequate remedy at law. When redrafting the complaint this defect can be remedies along with correcting the name of Lossing Insurance Agency, INc. to Lossing & Associates, Inc. It is, therefore,

ORDERED AND ADJUDGED that the Complaint is dismissed as to all defendants. Plaintiffs shall have twenty days from the date of this order to file a second amended complaint that is not inconsistent with the rulings of law made in this order.

DONE AND ORDERED in Ocala, Marion County, Florida this 17th day of January, 1990.