127 So.2d 715 (1961)
Louise Cook HARMS, Appellant,
v.
MIAMI DAILY NEWS, INC., and Herb Rau, Appellees.
No. 60-104.
District Court of Appeal of Florida. Third District.
March 9, 1961.
*716 Shutts, Bowen, Simmons, Prevatt & Boureau and Christopher C. Larimore, Miami, for appellant.
Sinclair & Barfield, Miami, for appellees.
HORTON, Chief Judge.
The defendant newspaper, in an article written by defendant Rau, published the following statement: "Wanna hear a sexy telephone voice? Call ____ and ask for Louise."
The plaintiff, Louise Cook Harms, filed a complaint wherein she set forth the above facts, alleged that she was the "Louise" referred to and that the telephone number was that of the business office in which she is employed.
The complaint, among others, alleged:
"Prior to the above publication Plaintiff has cherished and held precious the right to keep private her personal life, and her rights to be let alone, free from unwarranted, undesired and unsought after publicity.
"The above publication caused the Plaintiff to be flooded with many hundreds of telephone calls by various and sundry persons seeking to talk to and listen to the Plaintiff.
"The publication aforesaid was an unwarranted invasion of the Plaintiff's Rights to be let alone, free from unwarranted publicity and to be protected from a wrongful intrusion into her life, which has outraged her and caused her mental suffering, shame and humiliation."
The trial court granted a motion to dismiss and entered judgment for the defendant.
The question here is whether or not the complaint stated a cause of action.
*717 It is sufficient, without citation of authorities, to state that a motion to dismiss, directed to a bill of complaint for the failure to state a cause of action, admits for the purposes of the motion all of the allegations of the complaint which are well pleaded. When considered in the light of this rule, we conclude that the complaint here did state a cause of action for invasion of privacy.
Florida has adopted the view recognizing the right of privacy, the violation of which will be redressed by the courts. Cason v. Baskin, 155 Fla. 198, 20 So.2d 243, 168 A.L.R. 430, second appeal, 159 Fla. 31, 30 So.2d 635, and Jacova v. Southern Radio and Television Company, Fla. 1955, 83 So.2d 34. See also annotations and cases collected at 138 A.L.R. 25; 168 A.L.R. 446, annotation Baskin case; 14 A.L.R.2d 750; Prosser, Privacy, 48 Cal.L.Rev. 383, specifically, pp. 392-401, §§ II and III.
The right of privacy is defined as the right of an individual to be let alone and to live a life free from unwarranted publicity. Cason v. Baskin, supra; Aquino v. Bulletin Co., 190 Pa.Super. 528, 154 A.2d 422; Frith v. Associated Press, D.C.S.C., 176 F. Supp. 671. As was observed in the Baskin opinions, the right of privacy has its limitations. Society has its rights. The right of privacy must be accommodated to freedom of speech and of the press and to the right of the general public to the dissemination of information.
As otherwise stated, the right of privacy does not forbid the publication of information that is of public benefit, and the right does not exist as to persons and events in which the public has a rightful interest. Reed v. Real Detective Pub. Co., 63 Ariz. 294, 162 P.2d 133, and see Barber v. Time, Inc., 348 Mo. 1199, 159 S.W.2d 291. As observed in the Frith case, supra, the two principal limitations placed on the right of privacy are publication of public records and publication of matters of legitimate or public interest.
Mr. Justice Brown, commenting upon these limitations in the first appeal of Cason v. Baskin, 20 So.2d at page 251, said:
"The authorities we have quoted in support of the right of privacy recognize certain limitations upon that right. In 41 Am.Jur. 934, it is said: `The right of privacy is relative to the customs of the time and place, and it is determined by the norm of the ordinary man. The protection afforded by the law to this right must be restricted to "ordinary sensibilities," and cannot extend to supersensitiveness or agoraphobia. In order to constitute an invasion of the right of privacy, an act must be of such a nature as a reasonable man can see might and probably would cause mental distress and injury to anyone possessed of ordinary feelings and intelligence, situated in like circumstances as the complainant; and this question is to some extent one of law.'
"And again, on page 935 of the same volume (41 Am.Jur.), the following appears: `The right of privacy does not prohibit the publication of matter which is of legitimate public or general interest. At some point the public interest in obtaining information becomes dominant over the individual's desire for privacy. It has been said that the truth may be spoken, written, or printed about all matters of a public nature, as well as matters of a private nature in which the public has a legitimate interest. However, the phrase "public or general interest," in this connection, does not mean mere curiosity.'
"Various cases are cited in support of the text above quoted. And again, on pages 937-938 of the same volume, it is said: `One of the primary limitations upon the right of privacy is that this right does not prohibit the publication of matters of general or public interest, or the use of the name or picture of a person in connection with the publication of legitimate news. A person *718 who, by his accomplishments, fame, or mode of life, or by adopting a profession or calling which gives the public a legitimate interest in his doings, his affairs and his character, may be said to have become a public personage, and he thereby relinquishes at least a part of his right of privacy.'"
On the question of identification it is of interest to observe that in the Baskin case, the plaintiff was portrayed under her true Christian name, Zelma, although her surname was nowhere mentioned, nor was the name of the village where she lived mentioned. The Supreme Court of Florida held that it was sufficient that she was recognizable from the sketch to her friends and acquaintances.
On the question of consent or relinquishment of a part of the right of privacy, the appellees argue that the appellant should be considered as engaging in public affairs or public life to the extent that public interest is drawn upon her or her "telephone voice." That this is so merely because the appellant was employed in a business office and the fact that she was called upon to answer the telephone in connection with her employment.
It would not appear that employment in a business office would render appellant a public personage. This is especially true since the appellee Rau's statements were not directed to news or information about the business office. See Gill v. Curtis Pub. Co., 38 Cal.2d 273, 239 P.2d 630, 634-35.
In determining the extent of the right of privacy, the standard by which the right is measured is based upon a concept of the man of reasonable sensibility; the hypersensitive individual will not be protected. Whether the remarks published by the appellees would be objectionable to a reasonable person is a question for the jury to decide. See Strickler v. National Broadcasting Co., D.C.S.D.Cal., 167 F. Supp. 68; Aquino v. Bulletin Company, supra.
Accordingly the judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.