Harry KEYISHIAN, George Hochfield, Newton Garver, Ralph N. Maud and George E. Starbuck, Plaintiffs,

v.

BOARD OF REGENTS OF the UNIVERSITY OF the STATE OF NEW YORK, Board of Trustees of the State University of New York, State University of New York at Buffalo, Clifford C. Furnas, J. Lawrence Murray, Arthur Levitt, Department of Civil Service of the State of New York, Civil Service Commission of the State of New York, Mary Goode Krone, and Alexander A. Falk, Defendants.

Civ. No. 10994.

United States District Court
W. D. New York.
Sept. 2, 1964.

Lipsitz, Green & Fahringer, Buffalo, N. Y. (Richard Lipsitz, Buffalo, N. Y., of counsel), for plaintiffs.

John C. Crary, Jr., Albany, N. Y., for defendants Board of Trustees of State University of New York, State University of New York at Buffalo, Clifford C. Furnas, and J. Lawrence Murray.

Louis J. Lefkowitz, Atty. Gen. of State of New York (Ruth Kessler Toch, Albany, N. Y., of counsel), for remaining defendants.

HENDERSON, District Judge.

The plaintiffs, employees or former employees of the State University of New York at Buffalo, move for an order convening a three judge court pursuant to Title 28 U.S.C. § 2281.

Essentially, plaintiffs seek to have sections 3021 and 3022 of the New York Education Law, McKinney's Consol.Laws, c. 16, section 105 of the New York Civil Service Law, McKinney's Consol.Laws, c. 7, section 244, article XVIII of the Rules of the Board of Regents of the State of New York, and certain other certificates, oaths and questionnaires promulgated under the authority of the aforementioned statutes, declared unconstitutional and of no force and effect. Unless no substantial federal question is presented, a three judge court must be convened.

As was stated by the Supreme Court in California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938):

"[t]he lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this [Supreme] court as to foreclose the subject."

In large part the issues raised by the plaintiffs' complaint were laid to rest by the Supreme Court's decision in Adler v. Board of Education, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517 (1952). Viewing New York's clarification of section 3021 and the safeguards of individual rights found in New York's statutory scheme in light of the Supreme Court's decision in Garner v. Los Angeles Board, 341 U.S. 716, 71 S.Ct. 909, 95 L.Ed. 1317 (1951); Adler v. Board of Education, supra; Beilan v. Board of Education, 357 U.S. 399, 78 S.Ct. 1317, 2 L.Ed.2d 1414 (1958); Lerner v. Casey, 357 U.S. 468, 78 S.Ct. 1311, 2 L.Ed.2d 1423 (1958); Nelson v. Los Angeles County, 362 U.S. 1, 80 S.Ct. 527, 4 L.Ed.2d 494 (1960); Konigsberg v. State Bar of Calif., 366 U.S. 36, 81 S.Ct. 997, 6 L.Ed.2d 105 (1961); In re Anastaplo, 366 U.S. 82, 81 S.Ct. 978, 6

L.Ed.2d 135 (1961); Cramp v. Board of Public Instruction, 368 U.S. 278, 82 S. Ct. 275, 7 L.Ed.2d 285 (1961); and Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964), the court finds no substantial federal question raised by the remainder of the plaintiffs' complaint. Accordingly, plaintiffs' motion is denied and plaintiffs' complaint is dismissed. So ordered.