345 F.2d 236
 Harry KEYISHIAN, George Hochfield, Newton Garver, Ralph N. Maud and George E. Starbuck, Appellants,
v.
BOARD OF REGENTS OF the UNIVERSITY OF the STATE OF NEW YORK, Board of Trustees of the State University of New York, State University of New York at Buffalo, Clifford C. Furnas, J. Lawrence Murray, Arthur Levitt, Department of Civil Service of the State of New York, Civil Service Commission of the State of New York, Mary Goode Krone, and Alexander A. Falk, Appellees.
 No. 359.
 Docket 29287.
 United States Court of Appeals Second Circuit.
 Argued March 8, 1965.
 Decided May 3, 1965.
 
 Richard Lipsitz, Buffalo, N. Y. (Lipsitz, Green & Fahringer, Buffalo, N. Y., on the brief), for appellants.
 Ruth Kessler Toch, Asst. Sol. Gen. (Louis J. Lefkowitz, Atty. Gen. of New York, on the brief; Paxton Blair, Sol. Gen., of counsel), for Board of Regents, Arthur Levitt, Department of Civil Service, Civil Service Commission, Mary Goode Krone and Alexander A. Falk, appellees.
 John C. Crary, Jr., State University Counsel, Albany, N. Y. (Richard A. Foster and David L. Segel, Albany, N. Y., of counsel), for Board of Trustees of State University of New York, State University of New York at Buffalo, Clifford C. Furnas and J. Lawrence Murray, Appellees.
 Magavern, Magavern, Lowe & Beilewech, Buffalo, N. Y., submitted brief, amici curiae on behalf of American Ass'n of University Professors and American Civil Liberties Union (James L. Magavern, Buffalo, N. Y., Bernard E. Harvith, New York City, Herman I. Orentlicher, Kitty Blair Frank, Washington, D. C., and Melvin L. Wulf, New York City, of counsel).
 Before SMITH and MARSHALL, Circuit Judges, and METZNER, District Judge.*
 MARSHALL, Circuit Judge:
 
 
 1
 Appellants, faculty members of the State University of New York at Buffalo, commenced a class action in the United States District Court for the Western District of New York under 28 U.S.C.A. §§ 2281, 2284 for the convening of a three-judge district court to pass on the constitutionality of Sections 3021 and 3022 of the New York Education Law, McKinney's Consol.Laws, c. 16, Section 105 of the New York Civil Service Law, McKinney's Consol.Laws, c. 7, and Section 244 of Article XVIII of the Rules of the Board of Regents of the State of New York as well as the required certificates and oaths.
 
 
 2
 Appellants refused to sign loyalty certificates[1] prepared by the Board of Regents pursuant to Section 3022.[2] The complaint is an attack upon the constitutionality of the entire system set up pursuant to the statute requiring the promulgation of the rules and the reference to the statutes in the certificates in question. The claim is that the laws are unconstitutionally vague in violation of the Fourteenth Amendment and that they inhibit vital thought and speech in violation of the First Amendment as made applicable to the states by the Fourteenth Amendment.
 
 
 3
 Judge Henderson, finding no substantial federal question presented, refused to convene a three-judge court and dismissed the complaint (233 F.Supp. 752). Judge Henderson was correct in his general statement of the law: "Unless no substantial federal question is presented, a three judge Court must be convened." Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). It is likewise true that "the lack of substantiality in a federal question" may appear from previous decisions of the Supreme Court, California Water Serv. Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938). However, we are not convinced that the issues raised here were determined in Adler v. Board of Education, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517 (1952). We, therefore, reverse and remand with instructions to convene a three-judge court.
 
 
 4
 While Adler held Section 3022 not to be unconstitutional as applied to teachers in the public schools of New York, it specifically refused to pass upon the constitutionality of section 3021 (342 U.S. at 489, 496, 72 S.Ct. 380) and certainly did not consider the application of section 3022 to university faculty members. The certificate here in question and several statutory amendments, such as Section 105(3) of the Civil Service Law, are all subsequent to Adler. Moreover, there is a significant similarity between the state laws in question here and those held unconstitutional in Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed. 377 (1964). Cf. also Dombrowski v. Pfister, 85 S.Ct. 1116 (April 26, 1965).
 
 
 5
 Appellees rely heavily upon the statement in Adler that, "It is equally clear that they [public school teachers] have no right to work for the State in the school system on their own terms," 342 U.S. 492, 72 S.Ct. 384. However, the theory that public employment which may be denied altogether may be subjected to any conditions, regardless of how unreasonable, has been uniformly rejected. In less than a year after Adler the Supreme Court clearly limited its language in Adler:
 
 
 6
 "We need not pause to consider whether an abstract right to public employment exists. It is sufficient to say that constitutional protection does extend to the public servant whose exclusion pursuant to a statute is patently arbitrary or discriminatory." Wieman v. Updegraff, 344 U.S. 183, 192, 73 S.Ct. 215, 219, 97 L.Ed. 216 (1952).
 
 
 7
 See also, Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316 (1964); Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1688, 6 L. Ed.2d 982 (1961); Cramp v. Board of Public Instruction, 368 U.S. 278, 288, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961); Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960); Slochower v. Board of Higher Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956); Willcox, Invasions of the First Amendment Through Conditioned Public Spending, 41 Cornell L.Q. 12 (1955).
 
 
 8
 In Wieman the Court "noted probable jurisdiction because of the public importance of this type of legislation and the recurring serious constitutional questions which it presents." 344 U.S. at 186, 73 S.Ct. at 216, and as late as 1964 the Court repeated the identical statement in Baggett, supra, 377 U.S. at 366, 84 S.Ct. at 1319. This case no less should not be dismissed as lacking in substance. We, therefore, reverse the judgment below and remand with instructions to the District Court to convene a three-judge district court pursuant to 28 U.S.C.A. § 2284.
 
 
 
 Notes:
 
 
 *
 Sitting by designation
 
 
 [1]
 
 "STATE UNIVERSITY OF NEW YORK AT BUFFALO
 "CERTIFICATE
 "Anyone who is a member of the Communist Party or of any organization that advocates the violent overthrow of the Government of the United States or of the State of New York or any political subdivision thereof cannot be employed by the State University.
 "Anyone who was previously a member of the Communist Party or of any organization that advocates the violent overthrow of the Government of the United States or of the State of New York or any political subdivision thereof is directed to confer with the President before signing this certificate.
 * * * * * * *
 "This is to certify that I have read the publication of the University of the State of New York, 1959, entitled `Regents Rule on Subversive Activities' together with the instructions set forth above and understand that these rules and regulations as well as the laws cited therein are part of the terms of my employment. I further certify that I am not now a member of the Communist Party and that if I have ever been a member of the Communist Party I have communicated that fact to the President of the State University of New York.
 ....... Date ............ Signature"
 "CERTIFICATE
 "Anyone who is a member of the Communist Party or of any organization that advocates the violent overthrow of the Government of the United States or of the State of New York or any political subdivision thereof can not be employed by the State University.
 "Anyone who was previously a member of the Communist Party or of any organization that advocates the violent overthrow of the Government of the United States or of the State of New York or any political subdivision thereof is directed to confer with the President before signing this certificate.
 "This is to certify that I have read the publication of the University of the State of New York, 1959, entitled `Regents Rules on Subversive Activities' together with the instructions set forth above and understand that these rules and regulations as presented to me, as well as the laws cited therein, except for the Education Commissioner's memorandum are part of the terms of my employment. I further certify that I am not now a member of the Communist Party of the State of New York or of the United States, and that if I have ever been a member of the Communist Party of the State of New York or of the United States, I have communicated that fact to the President of the State University of New York.
 ........ Date .............. Signature"
 
 
 [2]
 "§ 3022. Elimination of subversive persons from the public school system
 "1. The board of regents shall adopt, promulgate, and enforce rules and regulations for the disqualification or removal of superintendents of schools, teachers or employees in the public schools in any city or school district of the state and the faculty members and all other personnel and employees of any college or other institution of higher education owned and operated by the state or any subdivision thereof who violate the provisions of section three thousand twenty-one of this article or who are ineligible for appointment to or retention in any office or position in such public schools or such institutions of higher education on any of the grounds set forth in section twelve-a [now section 105] of the civil service law and shall provide therein appropriate methods and procedure for the enforcement of such sections of this article and the civil service law.
 "2. The board of regents shall, after inquiry, and after such notice and hearing as may be appropriate, make a listing of organizations which it finds to be subversive in that they advocate, advise, teach or embrace the doctrine that the government of the United States or of any state or of any political subdivision thereof shall be overthrown or overturned by force, violence or any unlawful means, or that they advocate, advise, teach or embrace the duty, necessity or propriety of adopting any such doctrine, as set forth in section twelve-a [now section 105] of the civil service law. Such listings may be amended and revised from time to time. The board, in making such inquiry, may utilize any similar listings or designations promulgated by any federal agency or authority authorized by federal law, regulation or executive order, and for the purposes of such inquiry, the board may request and receive from such federal agencies or authorities any supporting material or evidence that may be made available to it. The board of regents shall provide in the rules and regulations required by subdivision one hereof that membership in any such organization included in such listing made by it shall constitute prima facie evidence of disqualification for appointment to or retention in any office or position in the public schools of the state.
 "3. The board of regents shall annually, on or before the fifteenth day of February, by separate report, render to the legislature, a full statement of measures taken by it for the enforcement of such provisions of law and to require compliance therewith. Such reports shall contain a description of surveys made by the board of regents, from time to time, as may be appropriate, to ascertain the extent to which such provisions of law have been enforced in the city and school districts of the state."