QUESTIONS: 1. Is initiation of an investigation by the State Board of Accountancy of possible violations of Ch. 473, F. S., or the rules of the board to determine whether there is probable cause to take disciplinary action against the holder of a certificate issued by the board or the designation of an investigating officer by the board to conduct such investigation and make a report thereon to the board subject to the Government in the Sunshine Law, s. 286.011, F. S.? 2. Is a meeting of, or a hearing before, the board to consider or review a report filed by an investigating officer to determine whether probable or no probable cause exists to initiate an administrative complaint against a certificate holder subject to the requirements of s. 286.011, F. S.? 3. Which records obtained in the course of investigations by the State Board of Accountancy are subject to the provisions of Ch. 119, F. S., and to what extent is the board authorized to restrict disclosure of such records?
SUMMARY: The initiation of an investigation by the State Board of Accountancy of possible violations of Ch. 473, F. S., or the rules of the board to determine whether or not probable cause exists to take disciplinary action against the holder of a certificate issued by the board, the designation of an investigating officer by the board to conduct such investigation and make a report thereon to the board, and the hearing before the board to consider or review the investigating officer's report and determine whether probable cause or no probable cause exists to initiate an administrative complaint against a certificate holder are all proceedings required by law to be conducted by the board as an entity and at a proper meeting of said board. Therefore, as the Sunshine Law is applicable to all meetings of governmental agencies, the aforementioned investigative proceedings of the board must be conducted in accordance with the requirements of s.286.011, F. S. All investigative records and reports made or received by the board prior to a finding of probable cause to commence formal action are exempted from the provisions of s.119.07, F. S., pursuant to s. 455.08, F. S., and, therefore, are not available for, or subject to, public examination and inspection prior to a finding of probable cause. If the board makes a determination that no probable cause exists, then all such investigative records and reports continue to be exempted from the public inspection requirements of s. 119.07. If, however, the board finds probable cause, then all investigative records and reports, including those otherwise privileged in the courts pursuant to s. 473.141(3), F. S., become subject to the provisions of Ch. 119, F. S., and open for public inspection. AS TO QUESTIONS 1 AND 2: The State Board of Accountancy has promulgated Rule 21A-14.02, F.A.C., in pertinent part providing: (1) Initiation of Investigation (a) All investigations of possible violations of Chapter 473, F. S. or Chapter 21A, Florida Administrative Code, shall be initiated only with the approval and at the direction of the Board. (b) An investigation shall be considered a nonadversary executive function to discover or procure evidence as part of the fact finding function of the Board. The Board need not have an administrative complaint, pursuant to F. S. 120.57, submitted or pending to conduct an investigation. The Board may on its own motion or upon written petition of a substantially affected party conduct an investigation. The Board may design forms for the filing of the petition by substantially affected parties requesting the Board to conduct an investigation. * * * * * (e) An investigation shall not be commenced by the Board until completion of the following form in the substantial format as indicated: State Board of Accountancy Post Office Box 13476 Gainesville, Florida 32604 In re the investigation of!ml!x Upon the authority of section(s) !mLN!x F. S., upon action taken at a regularly scheduled meeting held on (date) , (place) the State Board of Accountancy hereby declares that an investigation relating to !mLN!x is initiated generally based on the following brought to the Board's attention:!mll!x!ml!x This investigation is intended to gather facts in the subject matter for the purpose of enabling the Board to determine whether probable or no probable cause exists to initiate an administrative complaint and in no manner implies or alleges that the party of the investigation has been or is guilty of any wrong doing. The Board does, however, reserve the right to extend its investigations to matters other than mentioned above. Date Executive Director (2) Confidentiality — All proceedings and records relating to an investigation shall be confidential until either the subject of the investigation requests in writing that such investigation and records be made public or until the Board makes a finding of probable cause. Upon a finding of probable cause, all proceedings and records relating to an investigation shall become public information unless it is confidential under Florida law such as: a. Personal financial statements and other personal information, the release of which would constitute an unwarranted invasion of privacy;
b. Communications between a certified public accountant and his/her client unless authorized in writing for public release by the client. * * * * * (4) Appointment of Investigation Officer — Pursuant to F. S. 473.261(3), the Board may designate investigating officers to conduct investigations who shall be competent by reason of training or experience. (5) Conduct of the Investigation * * * * * (c) Duty of Investigating Officer — The duty of the investigating officer is to obtain sufficient, competent evidential matter through the conduct of an investigation and to file a written report which the Board will consider in finding whether probable or no probable cause exists to initiate an administrative complaint against the party of the investigation for violation of any portion(s) of Chapter 473, Florida Statutes, and/or Chapter 21A, Florida Administrative Code. The investigating officer shall not make a recommendation as to probable or no probable cause unless requested by the Board. * * * * * (6) Filing of Investigating Officer's Report — The investigating officer shall submit a report in writing to the Board containing his findings and other supplemental information and evidential matter as may be appropriate. A copy of the report along with a notice of hearing to consider investigating officer's report shall be forwarded to the party of the investigation and the party who submitted the initial petition for the investigation and such parties shall be given the opportunity to submit statements either personally, by a representative and/or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct and shall also be given an opportunity to be present and address the Board when the report is considered. The notice of hearing to consider investigating officer's report shall be in substantially the following format: NOTICE OF HEARING TO CONSIDER INVESTIGATING OFFICER'S REPORT STATE OF FLORIDA STATE BOARD OF ACCOUNTANCY IN RE: Investigation The State Board of Accountancy announces a hearing to which all interested persons are invited. DATE AND TIME: , 19 at PLACE: PURPOSE: Pursuant to F. S. 473.261(3) and Rule 21A-!mLN!x, Florida Administrative Code, the Board of Accountancy will consider a report received from an investigating officer duly appointed under F. S. 473.261(3) and will receive additional information relative to the merits of the matter for the purpose of determining whether probable cause exists to initiate disciplinary action. Sworn or unsworn written statements will be received from the party of the above investigation, from such person's representative and/or counsel, explaining, refuting or supporting the findings and/or recommendation of the Investigating Officer.
Substantially affected parties who desire to participate at the hearing shall file written notice of intent to participate, showing such substantial interest, no later than !mLN!x, 19!mLN!x. A copy of the public file is available for copying and inspection by any person in the Board's offices at 3131 N.W. 13th Street, Suite 54, Gainesville, Florida, during regular business hours. A charge will be made to cover copying cost. Copies of the hearing guidelines and the following item(s) are attached hereto:!ml!x!mll!x Witness my hand and the Seal of the Board of Accountancy, State of Florida, at Gainesville, Florida, this !mLN!x day of !mLN!x, 19!mLN!x. Executive Director Copies with attachments to the following (certified mail — return receipt requested): (7) Hearing Guidelines to Consider Investigating Officer's Reports — The following guidelines are provided for the efficient and orderly conduct of a hearing to consider reports of investigating officers. The hearing is designed to provide for an orderly procedure to be used by the Board in the assimilation of facts. The hearing is not intended to be adversary but rather investigatory and of a fact-gathering nature. Substantially affected parties will be provided an opportunity to present facts relevant to the matter under consideration; further, participants are given guidelines to assist in establishing the surrounding facts and circumstances before the Board. Those desiring to present facts relevant to the investigation or participate in the hearing will be allowed to do so at the Board's discretion. (a) Hearing to Consider Investigating Officer's Report 1. Purpose. — Prior to entering an order either finding or not finding probable cause, for the filing of an administrative complaint, the Board will hold a hearing respecting each investigation. The purpose of the hearing will be to receive and secure information relative to the merits of the pending investigation and to determine whether probable or no probable cause exists for the initiation of disciplinary action. 2. Notice — Notice of the hearing shall be mailed to parties being investigated by certified mail, return receipt, no later than 10 days prior to the hearing. (b) Participation at Hearing — The following parties may participate at a hearing to consider an investigating officer's report: 1. Parties under investigation. 2. Other substantially affected parties providing they file written notice of intent to participate setting forth such substantial interest at least seven (7) days prior to the date of the hearing. * * * * * (e) Review of Investigating Officer's Report; Consideration of Testimony and Exhibits Presented at Hearing and Finding of Probable or No Probable Cause 1. At the conclusion of the hearing or within sixty (60) days following said hearing, the Board shall review the investigating officer's report and consider testimony and exhibits presented at the hearing and find by a majority vote: a. Probable cause; b. No probable cause; or c. Return the report to the investigating officer or appoint a new investigating officer with appropriate instruction for further investigation. * * * * * 3. If the Board finds probable cause it may direct: (a) That disciplinary action be initiated under Chapter 473, Florida Statutes, pursuant to Chapter 120, Florida Statutes, by the filing of an administrative complaint setting forth the particular act or acts of conduct for which the person is sought to be disciplined; (b) That an action be instituted pursuant to Section 473.05, Florida Statutes. The State Board of Accountancy is responsible for the administration of Ch. 473, F. S., and is empowered to formulate rules for its guidance not inconsistent therewith and to prescribe standards of professional conduct and formulate reasonable rules defining unethical practices for persons holding certificates issued by the board to practice as certified public accountants or public accountants in this state. Section 473.04. All penalties provided by Ch. 473 are required to be invoked only after a hearing before the board and by the affirmative vote of four members thereof. Section 473.261(1). The board is required to adopt rules of procedure not inconsistent with the provisions of Ch. 120 for the conduct of hearings. Id. Section 473.261(2) empowers the board to conduct investigations of possible violations of Ch. 473 or its own rules to determine whether or not there is probable cause for discipline against the holder of a certificate issued by the board or an out-ofstate practitioner as provided in s. 473.241(2) and (4). In aid of such investigations, the board is empowered to issue subpoenas to compel witnesses to testify and to produce evidence. Section 473.261(2). The board may designate investigating officers to conduct investigations who, upon completion of their investigation, must file a report with the board. Section 473.261(3). The board is then required to review the report and determine whether or not probable cause exists for disciplinary action, or it may return the report to the investigating officer for further investigation. Id. Upon a finding of probable cause, the board must direct that an administrative complaint be filed setting forth the particular act or acts for which the person or practitioner is sought to be disciplined. Section 473.261(4). The aforementioned statutes clearly contemplate that the State Board of Accountancy may act only as a board and that transaction of business may be accomplished only by a quorum of said board at a proper and legal meeting. See State ex rel. Greenberg,297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974). Thus, while the board may, pursuant to s. 473.261(3), F. S., designate an investigating officer to conduct an investigation, said investigating officer is not authorized to issue subpoenas, take testimony, or receive proofs; only the board may compel the attendance of witnesses, take testimony, and receive proofs. Sections 473.04 and 473.261(3), F. S. Therefore, such actions on the part of the board must be taken by a quorum of the board at a proper meeting of said board. This conclusion necessitates a discussion of Florida's Government in the Sunshine Law (s. 286.011, F. S.), which provides in pertinent part: (1) All meetings of any board or commission of any state agency or authority . . . except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times. . . . The State Board of Accountancy, as a board of a state agency, the Division of Professions of the Department of Professional and Occupational Regulation, is within the purview of this law. The Florida Supreme Court has held that the Sunshine Law applies to any gathering of the members of a board at which the members discuss matters on which foreseeable action may be taken. Board of Education of Broward County v. Doran, 224 So.2d 693 (Fla. 1969), City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). The only exceptions to the Sunshine Law are those set forth in s. 447.605(1), F. S., in connection with certain discussions relative to collective bargaining and certain constitutional exceptions. Cf. Bassett v. Braddock, 262 So.2d 425 (Fla. 1972), concerning s. 6, Art. I, State Const., which guarantees collective bargaining and the right of a school board to consult in private with its negotiators. The Supreme Court has specifically held that no exception to the Sunshine Law exists where a board is exercising "quasi-judicial" functions. Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973); but see State of Florida, Department of Pollution v. Career Service Commission,320 So.2d 846 (1 D.C.A. Fla., 1975). A meeting involving alleged violations of laws and regulations is, therefore, subject to the provisions of s. 286.011, F. S. Canney, supra. Accord: Attorney General Opinion 074-84 holding that the investigative or quasi-judicial hearings or proceedings of the Board of Dentistry are within the Sunshine Law. It is clear, therefore, that that portion of Ch. 21A-12.02(2), F.A.C., which provides that all investigative "proceedings" of the board shall be confidential prior to a determination of probable cause unless the subject of the investigation requests otherwise directly contravenes s. 286.011, F. S., which requires all meetings of any board of any state agency at which official acts are to be taken to be open to the public and that minutes of all such meetings be promptly recorded and made available for, and open to, public inspection. It is axiomatic that the rulemaking power of an administrative agency does not permit the enactment of regulations which are unauthorized by, and inconsistent with, the expression of the lawmakers' intent in statutes other than those under which the regulations are issued. 1 Am. Jur.2d Administrative Law s. 133. I find no provision in Ch. 473, F. S., authorizing the board to conduct or hold confidential meetings or hearings or exempting the proceedings of the board relating to investigations of, or the discipline of, certificate or permitholders. Cf. s. 447.605(1), F. S., exempting from the provisions of s. 286.011 all discussions between the chief executive officer of a public employer and the legislative body of such public employer relative to collective bargaining. Sections 473.06 and 455.08, F. S., discussed infra in connection with your next question, have no bearing on the authority of the board to render its proceedings confidential. These sections create only a qualified exemption from the provisions of the Public Records Law for certain records kept and maintained by the board and investigative reports and records made or received by the board. Therefore, the initiation of an investigation of possible violations of Ch. 473, F. S., or the rules of the board to determine whether or not there is probable cause to take disciplinary action against the holder of a certificate issued by the board, the designation by the board of an investigating officer to conduct such investigation and make a report thereon to the board, and a hearing before the board to consider or review the investigative officer's report and determine whether probable cause or no probable cause exists to initiate an administrative complaint against a certificateholder are all proceedings required by statute to be conducted by the board as an entity at a meeting of said board, which meeting as a meeting of a state agency is subject to the requirements of s.286.011, F. S. Your first and second questions are answered in the affirmative. AS TO QUESTION 3: The extent to which the investigative reports and records of the board may be rendered confidential by the board depends upon the terms of the Public Records Law, Ch. 119, F. S., and upon the rulemaking authority of the board as described in ss. 473.04 and 473.06(2), F. S. Florida's Public Records Law, s. 119.01, F. S., requires state, county, and municipal records to be open for public inspection by any person. "Public records" is defined to include . . . all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. [Section 119.011(1), F. S.] "Agency" means: . . . any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency. [Section119.011(2), F. S.] The Board of Accountancy is clearly an agency within the meaning of this definition. Records obtained through investigations by agencies are subject to the provisions of Ch. 119, F. S., unless an exemption exists by law pursuant to s.119.07(2). See Caswell v. Manhattan Fire Marine Ins. Co.,399 F.2d 417 (5th Cir. 1968), holding the investigative reports of the State Fire Marshal subject to the Public Records Law. See also AGO 074-84 concluding that a transcript of testimony or evidence taken in an investigation by the State Board of Dentistry no matter what the form — stenographic notes, tape recordings, or handwritten or typed statements — was a public record and open to public inspection pursuant to Ch. 119. One such exception to Ch. 119, F. S., which has been provided by statute is that contained in s. 455.08, F. S. (brought into the statutes by s. 1, Ch. 75-225, Laws of Florida), which provides, in pertinent part, that: Investigative reports and records made or received by a board . . . in . . . the Department of Professional and Occupational Regulation shall be exempt from the provisions of s. 119.07, unless the board . . . has found probable cause to commence formal action. Clearly, therefore, this section authorizes that portion of Rule 21A- 14.02(2), F.A.C., or so much thereof as makes confidential all investigative reports and records until the board makes a finding of probable cause, i.e., such investigative records are not subject to public examination and inspection under s. 119.07 prior to a determination of probable cause. However, I must emphasize at this point that the exemption from the provisions of s. 119.07, F. S., provided by s. 455.08, F. S., is limited solely to investigative reports and records made or received by a board in the Department of Professional and Occupational Regulation. Thus, it is applicable only to those reports and records made or received subsequent to the initiation of an investigation pursuant to s. 473.261(3), F. S., and Rule 21A-14.02(1) which form the investigative file. The exemption provided by s. 455.08 does not, therefore, restrict public inspection of the written petitions of substantially affected parties requesting an investigation, see Rule 21A-14.02(1)(b); the forms prepared by the board indicating the initiation of an investigation, see Rule 21A-14.02(1)(e); or the forms prepared by the board which provide notice of a hearing to consider the investigating officer's report, see Rule 21A-14.02(6). Additionally, s. 455.08 does not operate to restrict disclosure of the uniform complaint report forms which the board is required to create and maintain pursuant to s. 455.013, F. S. Rule 21A-14.02(2)a., F.A.C., makes confidential certain information and records otherwise confidential under Florida law such as personal financial statements and other personal information the release of which would constitute an unwarranted invasion of privacy. This part of the rule apparently has reference to, and is implementive of, s. 473.06(2), F. S., for no other section of Ch. 473, supra, purports to make confidential any such information contained in records of the board. Section 473.06 provides, in pertinent part, that the board is to keep all documents filed under oath with the board and a record of all proceedings before the board. Section 473.06(2) states in relevant part that: (2) The records of the board shall be kept and held as confidential to the extent that the privacy of certificate or permit holders and of applicants for certificates or permits shall not be unreasonably invaded or impinged. . . . The board shall adopt and enforce rules and regulations to assure such confidentiality. (Emphasis supplied.) It is clear that the board's authority to make and enforce rules and regulations pursuant to s. 473.06(2), F. S., is limited to the authority conferred upon it by the statute. See State ex rel. Greenberg v. State Bd. of Dentistry, 297 So.2d 628, 635 (1 D.C.A. Fla., 1974), cert. dismissed 300 So.2d 900 (1974); Atlantic Coast Line R. Co. v. State, 143 So. 255 (Fla. 1932). Section 473.06(2) authorizes the board to protect only the privacy of certificate or permitholders and applicants for certificates or permits to the extent therein provided for. The board is not authorized to protect the privacy of other persons, such as clients or stockholders, to any extent whatever. It is a cardinal principle of statutory construction that the mention of one thing in a statute implies the exclusion of the other; expressio unius est exclusio alterius. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Biddle v. State Beverage Dept., 187 So.2d 65 (4 D.C.A. Fla., 1966). In addition, s. 473.06(2), F. S., does not contemplate an absolute exemption from disclosure where the privacy of a certificate or permitholder or applicant is at stake. Only such records as may unreasonably impinge on, or invade the privacy of, certificate or permitholders may be rendered confidential and to that extent only. Thus, the operation of this statute is dependent upon the existence of a recognized right of privacy; and I find no such right attendant to disciplinary proceedings conducted by the board. As the United States Supreme Court recently stated, the constitutional right of privacy is limited to "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." Paul v. Davis, 47 L.Ed.2d 405, at 421 (1976). Furthermore, it has been held in this state that the right of privacy does not prohibit disclosure of information of public benefit or matters of legitimate or public interest and that the right of privacy does not exist as to persons and events in which the public has a rightful interest. Harms v. Miami Daily News, Inc., 127 So.2d 715, 717 (3 D.C.A. Fla., 1961). I find no provision in Ch. 473, F. S., or elsewhere in the statutes which creates a right of privacy in disciplinary proceedings upon which s. 473.06(2) can operate to authorize the board to shield from disclosure the investigative reports and records related to such proceedings once probable cause is found to institute disciplinary action. To the contrary, s. 473.141(2) indicates that the Legislature did not intend to create such a right, as this section expressly provides that otherwise privileged communications between clients and accountants shall not be exempt from disclosure in any disciplinary investigations conducted before the board. As to Rule 21A-14.02(2)b., F.A.C., reference must be made to s. 473.141, F. S., which creates an accountant-client privilege. The 1976 Florida Legislature has repealed s. 473.141 effective July 1, 1977. Sections 2 and 8, Ch. 76-237, Laws of Florida. Thus, the privilege remains in effect until July 1, 1977. Section 473.141(1), F. S., provides that all communications between a certified public accountant or public accountant and a person for whom the accountant has made an audit or other investigation in a professional capacity and all other information obtained by a public accountant in his professional capacity concerning the business affairs of a client are privileged in all courts in Florida unless the client waives this privilege in writing. Section 473.141(2) states, however, that such communications are not privileged from disclosure in any disciplinary investigation or proceeding before the board, or judicial review of the same, and that a public accountant may, without the consent of his client, testify with respect to such matters or be compelled, by subpoena of the board pursuant to s. 473.261, F. S., to testify or produce records with respect to such matters or communications. Communications so disclosed or testified to the board pursuant to s. 473.141(2), F. S., and the records of the board regarding same, for all other purposes and proceedings remain privileged communications in all of the courts of this state. Section 473.141(3), F. S. The terms of this statute clearly indicate that the accountantclient privilege is applicable only to court proceedings and not to disciplinary investigations or proceedings under Ch. 473, F. S., conducted by or before the board. The statute does not make confidential such communications or the records of the board regarding same in disciplinary proceedings before the board, nor is the board authorized by law to do so. Hence, it is clearly beyond the scope of the authority of the board to adopt and enforce any rules and regulations which qualify, extend, or enlarge upon the accountant-client privilege. See Greenberg, supra.