# SPACE-TECH INDUSTRIES, INC. v. OTTO and THE TRIBUNE COMPANY

## Case No. 84-3136

Thirteenth Judicial Circuit, Hillsborough County

April 24, 1984

### APPEARANCES OF COUNSEL

**Wayne Thomas** and **William Wares, McKay & Thomas,** for plaintiff.

**Gregg D. Thomas** and **Mike Piscitelli, Holland & Knight,** for defendants.

### OPINION OF THE COURT

J.C. CHEATWOOD, Circuit Judge.

Plaintiff filed a three count complaint charging the defendants Steve Otto (a columnist) and his employer, The Tribune Company, with (I) inteference with plaintiff's business (II) violation of Florida Statute 365.16(1) and (III) conspiracy. At the hearing plaintiff's counsel voluntarily dismissed count III and announced that the allegations of count II were not intended to allege that either of the defendants placed calls to plaintiff's business, but rather that others (presumably those who read the article complained of) did so. The article was

written in a humorous fashion (or at least intended to be) but that fact alone would certainly not justify the publication if it resulted in actionable harm. The article was unquestionably critical of the plaintiff's business practices and expressed Otto's opinion of them. That alone is not actionable, and the plaintiff has not alleged that the article constituted libel.

Plaintiff cited *Regan v. Davis* 97 So.2d 324 (Fla. 2d DCA 1957) in support of its complaint but voluntarily dismissed count III and no First Amendment rights were involved in *Regan*. Plaintiff's business is a property right and is entitled to its protection from the wrongful acts of others. The test then is whether the publication of the article was wrongful, or a legally improper exercise of the rights (unprivileged) of the defendants. The court finds that *Harms v. Miami Daily News, Inc.*, 127 So.2d 715 (Fla. 3rd DCA 1961) is not applicable. In *Harms* the plaintiff was an *individual* who sued for violation of her right to privacy. As stated in the opinion at page 717:

> The right of privacy is defined as the right of an individual to live a life free from unwarranted publicity. (citations omitted)

No cases were cited to the court that a business has such a right. Although the subject was not discussed in detail in *Harms*, it is obvious from the decision that freedom of the press (First Amendment rights) do not justify or make privileged the violation of an individual's right to privacy.

But here the court is faced with a claimed First Amendment right to comment on the business practices of the plaintiff, either as an opinion of the defendants, or as a matter of public concern. Such rights are protected from invasion by the states. The court then finds that this case is controlled by *National Association For The Advancement of Colored People v. Claiborne Hardware Co.* 458 U.S. 886 (1982). It is only those acts which are not protected by the First Amendment (unprivileged acts) for which the plaintiff would be entitled to damages. None have been alleged. The mere fact that the article did in fact cause interference with plaintiff's business does not, standing alone, state a cause of action. See also *Citizens Against Rent Control Coalition for Fair Housing v. Berkeley*, 454 U.S. 290.

The court finds that count II does not state a cause of action since plaintiff stated at the hearing that the language therein was not intended to allege either of the defendants placed such calls.

Plaintiff announced it does not wish leave to amend, it is therefore:

ADJUDGED AND ORDERED that the complaint is dismissed with prejudice.